THE DENVER & RIO GRANDE RAILROAD COMPANY, AP-
PELLANT, v. MORRISON, APPELLEE.

1. APPELLATE PRACTICE.
A judgment supported by evidence, although conflicting, will not be
disturbed on the ground of insufficiency of proof.
2. SAME—ASSIGNMENT OF ERROR.
A valid assignment of error cannot be predicated upon an objection to
the admissibility of evidence which was not preserved save by an
exception to the testimony given by one witness, and the whole
subject had been antecedently embraced in what had been offered
and received without objection.

*Appeal from the District Court of Chaffee County.*

Messrs. WOLCOTT & VAILE, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

BISSELL, J., delivered the opinion of the court.

For many years the appellee, Morrison, was the owner and
occupant of a ranch along the course of a mountain stream
called "Morrison Creek." The Rio Grand Railroad Com-
pany constructed its line in the vicinity of Morrison's prem-
ises, and built a water tank for the use of its trains in close
proximity to Morrison's inclosures. These inclosures con-
tained the usual stables and corrals for his stock, and a house
for the occupation of his family. At a point very close to
Morrison's yards and where the tank was built, the creek
made a bend and went to one side of Morrison's premises
in its course to the river. The water supply for the tank was
taken out of the creek higher up the stream, and probably
about a thousand feet from its location. The waste pipe
which discharged the overflow ran but a short distance from
the tank to the creek and discharged just above Morrison's
yards. The use of the tank was of course intermittent, and

water was only drawn from it as the trains passed and the engines required water. At such times the tank was partially emptied, the overflow ceased and the discharge recommenced when the tank became full. The water was constantly running for the purposes of keeping the tank filled and the pipe from freezing. The result of this practice was that in the cold weather of the winter the overflow would freeze and ultimately stop up the bed of the creek with a solid mass of ice and leave no way for water. Under these circumstances the water overflowed its banks, and flooded Morrison's premises.

Substantially the judgment is not challenged because of any specific error committed by the trial court with respect to the application of the law to the facts. It has been seriously contended in the briefs and on argument that the judgment was wholly unsupported by the testimony, and that therefore the court erred in refusing to direct a nonsuit and in entering judgment against the railroad company. The record is not so barren of proof of damage, nor of evidence to show that the injuries resulted from the negligent use and faulty construction of the tank, as to permit this court to reverse the judgment on those grounds. The proof is not as full and as satisfactory as might be desired, but the question at issue may fairly be said to have been determined on testimony which was conflicting, and under these circumstances we are without right to disturb the judgment for what we may regard as a slight insufficiency of proof. During the progress of the trial it appeared that, after considerable complaint by Mr. Morrison respecting the use of the tank, the company ran its waste pipe some six hundred feet and to a point below the premises. It was shown that after the change in this construction the injury ceased and Morrison was no longer troubled by the overflow of water. There was some complaint by counsel for the appellant respecting the admission of this testimony. Whether it would be admissible under the peculiar circumstances of this case on well settled rules of evidence need not be determined. The contention

was abandoned on argument, because the record disclosed that the objection was not preserved save by an exception to the testimony given by one witness, and the whole subject had been antecedently embraced in what had been offered and received without objection. Counsel very properly conceded that the force of the objection was destroyed, and that no valid error could be predicated on the ruling of the court.

These considerations dispose of all the questions which the record presents for our consideration, and since the court committed no error in the trial of the case the judgment must be affirmed.

*Affirmed.*